**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur L Vitasek, | No. CV-24-00155-PHX-SHD (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| GEO Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's "Motion to Approve Subpoena (Correct Rx Pharmacy)," which the Court construes as a motion to compel ("First Motion to Compel") (doc. 63); Plaintiff's "Motion to Approve Subpoena (Incident Reports)," which the Court also construes as a motion to compel ("Second Motion to Compel") (doc. 65); Plaintiff's motion to compel Defendants' insurance agreements, Defendant GEO Group's email correspondence and digital files pertaining to Plaintiff, and Plaintiff's call log ("Third Motion to Compel") (doc. 68); Plaintiff's "Motion to Compel the Defendants' Initial Discovery Disclosures" ("Fourth Motion to Compel") (doc. 73); Plaintiff's motion to compel Defendants' curricula vitae ("Fifth Motion to Compel") (doc. 75); Plaintiff's "Motion for Entry of Default as to Christine Armenta for Failing to Answer Interrogatories" ("First Motion for Default") (doc. 74); Plaintiff's "Motion for Entry of Default as to Courtney Pochopien for Failure to Respond to Discovery" ("Second Motion for Default") (doc. 78); Plaintiff's motion for entry of default as to Defendant Armenta for failing to timely serve responses to Plaintiff's requests for admissions ("Third Motion

for Default") (doc. 79); Plaintiff's motion for entry of default as to Defendant GEO Group for failing to timely respond to Plaintiff's requests for admissions ("Fourth Motion for Default") (doc. 81); Plaintiff's motion for entry of default as to Defendant Pochopien for failing to respond to Plaintiff's written interrogatories within 30 days (doc. 82) ("Fifth Motion for Default"); Plaintiff's "Motion to Strike Defendant Courtney Pochopien's Response to Plaintiff's Request for Admissions" ("Motion to Strike") (doc. 88); and Plaintiff's "Motion to Withdraw Plaintiff's Alternative to Strike Pochopien's Request for Admissions" ("Motion to Withdraw") (doc. 93). The Court will first provide a brief factual background to the case and address Plaintiff's various motions to compel.

## I. Background.

Plaintiff's First Amended Complaint ("FAC") is the operative complaint. (Doc. 6.) On October 21, 2024, the Court screened the FAC. (Doc. 11.) The Court permitted Plaintiff's Count One—an Eighth Amendment deliberate indifference claim—to proceed against Defendants GEO Group and Armenta. (*Id*. at 10.) The Court permitted Plaintiff's Count Two—a First Amendment retaliation claim—to proceed against Defendant Pochopien. (*Id*. at 11.)

### A. Count One.

Plaintiff's deliberate indifference claim involves GEO Group and Armenta's failure to properly treat Plaintiff's Dupuytren's Contracture—a condition causing progressively thickening and painful "cords" in his hands and contractures in his smaller digits also resulting in numbness and difficulties completing daily activities. (*See* Doc. 11 at 3-7.)[1] Plaintiff was seen by an outside specialist in November 2020 who prescribed Xiaflex—a medication that is injected into the hand that helps dissolve the cords. (*Id*. at 4.) Plaintiff states the pharmacist at the GEO facility refused to authorize the medication due to cost. (*Id*.) Plaintiff's physician stated that, instead, Plaintiff would need tendon release surgery and vitamin E to help break down the cords, but that the GEO Group

---

[1] Dupuytren's contracture is "a disease of the palmar fascia resulting in thickening and shortening of fibrous bands on the palmar surface of the hand and fingers, resulting in a characteristic flexion deformity of the fourth and fifth digits." Dupuytren contracture, Stedman's Medical Dictionary 201260.

nurse refused to prescribe the vitamin E at the dosage the doctor recommended. (*Id*.) Plaintiff states this is a systemic problem at GEO Group, where nurses unilaterally change doctor's orders. (*Id*.) Plaintiff alleges he was scheduled to see a hand specialist, but the 2019 COVID pandemic began, and the process shut down. (*Id*.)

In 2022, Plaintiff began to press the issue because his condition was worsening. (*Id*.) A licensed practical nurse ordered x-rays. (*Id*. at 5.) On October 31, 2022, Plaintiff's hands and wrists became completely numb and he began to worry about nerve damage. (*Id*.) On November 1, 2022, Plaintiff's physician advised Plaintiff was due to have surgery, but on November 2nd, Defendant Armenta stated there would be no further treatment for Plaintiff's condition. (*Id*.) The ensuing grievance process was unsuccessful. (*Id*. at 5-6.)

Plaintiff alleges a systemic defect in GEO Group facilities which allows staff nurses to overrule or bypass the recommendations of outside specialist physicians. (*Id*.) Plaintiff states this is done to save money. (*Id*.) Plaintiff alleges that, once he was moved back to an ADCRR facility, his surgery was scheduled and performed, but that he was left with permanent scars and residual nerve damage which could have been prevented. (*Id*. at 6.) Plaintiff states that had Xiaflex been approved, surgery could have been avoided. (*Id*.)

**B. Count Two.**

Plaintiff alleges that after Defendant Armenta denied treatment in November 2022, Plaintiff filed a grievance against her. (*Id*. at 7.) A week later, Plaintiff saw Defendant Pochopien, Defendant Armenta's colleague, who also refused treatment for Plaintiff's hands. (*Id*. at 8.) Later that day, a captain at the facility told Plaintiff that Pochopien wanted him to write Plaintiff a disciplinary ticket because Plaintiff had threatened Pochopien by threatening to call his wife. (*Id*.) Plaintiff states the captain did not write the ticket, but Pochopien wrote a false report anyway and put it in Plaintiff's medical file. (*Id*.)

//

## II. Motions to Compel.

District courts have broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); LRCiv 7.2(j); *see also Lathan v. Ducart*, F. App'x 379 (9th Cir. 2017) ("The district court did not abuse its discretion by denying [plaintiff's] motion to compel discovery because [plaintiff] failed to meet and confer with defendants.") (citation omitted). Furthermore, Rule 37.1 of the Local Rules of Civil Procedure provides that a motion to compel discovery:

> shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:
>
> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a).

### A. Plaintiff's First Motion to Compel (doc. 63).

Plaintiff states he propounded Requests for Production to Defendants in January 2025, and that "Defendants responded negatively on every request." (Doc. 63 at 1.) Plaintiff states he conferred with counsel for Defendants on March 10, 2025, and that Defendants refused to provide discovery. (*Id.*)[2] In Plaintiff's initial request, he sought to issue a subpoena to a third-party, Correct Rx Pharmacy Services, Inc., to obtain the "policies, practices, procedures, and contractual agreements with GEO Group, Inc., concerning the 'cost v. benefit' ratio Correct Rx Pharmacy, Inc. uses to deny a patient's medicine/treatment needs." (*Id.* at 3.) This request pertained to the pharmacist's denial of Xiaflex to treat Plaintiff's hands. (*Id.*) Plaintiff states Correct Rx Pharmacy works with

---

[2] Plaintiff includes a similar statement in his other motions to compel, which the Court construes as his attempt to satisfy the certification requirement.

- 4 -

1  GEO Group and "employs multiple operational efficiencies aimed at <u>saving clients [*i.e.*,
2  GEO Group] time and money</u>." (*Id.*) (emphasis in original). Plaintiff separately filed his
3  proposed subpoena. (Doc. 64.)
4        In a March 19, 2025, Order, the Court, seeking to expedite the process, construed
5  this motion as a motion to compel the requested documents from Defendant GEO Group
6  and ordered GEO Group to respond. (Doc. 66.)
7        Defendant responded on April 2, 2025, stating that Plaintiff never specifically
8  requested these documents from Defendant GEO Group, but that even if he had, that they
9  are not relevant to his Eighth Amendment deliberate indifference claims against GEO
10 Group, and that, even if these written policies existed, there is no evidence that GEO
11 Group adopted or enforced them. (Doc. 69 at 2.)
12       Plaintiff replied on April 7, 2025, arguing that he did, in fact, propound requests to
13 GEO Group which would cover the documents at issue. (Doc. 70 at 5.) Plaintiff further
14 argued GEO Group's business relationship with Correct Rx Pharmacy is, in effect, a
15 scheme by which GEO Group can defer decisions on denying costly treatment to an
16 outside party and avoid liability. (*Id.* at 9.) Plaintiff states that, at the very least,
17 Defendant GEO Group was obligated to provide the pharmacist's name and credentials
18 under Rule 26(a)(1)(a), Federal Rules of Civil Procedure. (*Id.*)
19       The Court will deny Plaintiff's First Motion to Compel. His request is overbroad
20 and disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1) (the parties are
21 entitled to relevant, nonprivileged matter that is proportionate to the needs of the case
22 considering several factors, including the importance of the sought-after discovery to
23 resolving the issues). The denial of the medication prescribed by Plaintiff's doctor
24 allegedly occurred in November 2020 and is only one in a series of events that occurred
25 over the course of several years relating to the delay in, or denial of, treatment for his
26 Dupuytren's contracture. (*E.g.*, Doc. 11 at 4.) The denial of this medication is also only
27 one secondary aspect of Plaintiff's case against GEO Group's policies and practices of
28 denying inmates needed treatment due to cost. Plaintiff further alleges, for instance, that

GEO Group rotates out physicians who authorize treatment and substitutes their recommendations or orders with the opinions of less-qualified providers who then deny treatment. (*Id*. at 6.) Further, Correct Rx is not a party to this case, and a request to secure Correct Rx's "cost-benefit ratio" is well outside the core issues. The Court sees no reason to permit this overbroad request. For these reasons, Plaintiff's motion is denied.[3]

### B. Plaintiff's Second Motion to Compel (doc. 65).

On March 17, 2025, Plaintiff filed a second request for a subpoena, seeking "[a]ll incident reports involving [Plaintiff] filed or written by any officer or staff member of GEO Group's Detention Center[.]" (Doc. 65-1.) Plaintiff argued the incident reports would describe interactions between Plaintiff and GEO Group staff and would detail the results of any investigations and any actions taken by the officers involved. (Doc. 65 at 4.)

In this Court's March 19, 2025, Order, the Court construed Plaintiff's request for issuance of a subpoena as a motion to compel the documents from Defendant GEO Group. (Doc. 66 at 2.) The Court ordered Defendants to respond.

Defendants responded on April 2, 2025, arguing that Plaintiff's request was overbroad. (Doc. 69.) Defendants noted that Plaintiff's First Amendment retaliation claim applies to Defendant Pochopien only, and that it is unclear why other incident reports are necessary to prove this claim. (*Id*. at 3.)

Plaintiff replied that he intended to add First Amendment retaliation claims against another Defendant, an Officer Wheeler, after the Court had dismissed the claim against Wheeler from Plaintiff's FAC without prejudice. (Doc. 70 at 6.) Plaintiff claims he needs the incident reports to "legitimize[] his allegations against Officer Wheeler." (*Id*. at 6-7.) Plaintiff also states the incident reports "contain relevant information as to the investigation conducted by GEO Group Inc.'s investigating officers, their findings, and the accusation information within the complaining officer's incident reports." (*Id*. at 8.)

---

[3] Regarding Plaintiff's assertion that Defendants were obligated to include this information with their initial disclosures, as the Court explains further when discussing the Fourth Motion to Compel, this case is exempt from such disclosures.

- 6 -

1    The Court finds that, to the extent Defendants possess an incident report pertaining
2 to Defendant Pochopien's interaction with Plaintiff giving rise to this claim, Defendants
3 must produce it. Otherwise, Plaintiff's motion will be denied as overbroad. Beyond any
4 incident report detailing his interactions with Defendant Pochopien and Officer Dowling
5 (the captain who allegedly notified Plaintiff of Pochopien's request that he discipline
6 Plaintiff), Plaintiff seeks documents unnecessary to prove his retaliation claim.

### C. Plaintiff's Third Motion to Compel (doc. 68).

Plaintiff seeks "any document that contains any arrangement or agreement which shows an insurance company, or other person or entity will guaranty, act as surety for, or otherwise bear any responsibility for litigating this action . . . ." (Doc. 68 at 2.) He further requests all digital files and email correspondence mentioning him by name, and his call log and approved call list for the two years prior to his removal from GEO detention to a state facility. (*Id*.)

Defendant responds that Plaintiff's requests are irrelevant and overbroad. (Doc. 72.) Regarding Plaintiff's digital files, Defendants assert that they have already provided Plaintiff his medical file, which is the only way medical encounters are documented. (*Id*. at 2.) Defendants state Plaintiff's call logs "have no actual bearing on Plaintiff's claim for retaliation against Defendant Pochopien[,]" and that Plaintiff merely attempts to prove that Defendant Pochopien lied that Plaintiff said he would call his wife because Plaintiff "never had a wife to call in the first place." (*Id*. at 3.) Defendants state Plaintiff never actually requested a copy of any insurance agreement, and that he has since exceeded the number of requests for production he is permitted under the Court's Scheduling Order. (*Id*. at 3.)

In reply, Plaintiff merely asserts that that the digital files and email correspondence "contain relevant information the officers communicated with each other and the home office concerning the issues filed within Plaintiff's First Amended Complaint." (Doc. 84.) He states he is entitled to this information "pursuant to the State's Freedom of Information Act." (*Id*. at 2.) Regarding the call log and approved call list,

1 Plaintiff states that he cannot simply attest that he did not threaten to call his wife because
2 "testimonial evidence cannot be self serving." (*Id.*) Plaintiff seeks the insurance
3 agreements because, he claims, "this case involves several contracts between numerous
4 government agencies and private corporations[,]" and involves complex issues. (*Id.* at 3.)

The Court will deny Plaintiff's Third Motion to Compel. To begin, the insurance agreements are patently irrelevant to the issues in this case, which the Court finds is not necessarily as complex and far-reaching as Plaintiff portrays.

Further, the call log and approved call list are unnecessary to prove Plaintiff's retaliation claim. No party is arguing that Plaintiff is married and that he actually called his wife. Plaintiff does not need to prove something did not occur when no party asserts that it did. At issue is the alleged threat, not whether Plaintiff acted on it.

As for Plaintiff's digital file and email correspondence, Plaintiff makes no argument that the scope of this request is appropriate and that the information he seeks is likely to be relevant to his claims. Plaintiff's medical records and pertinent incident reports ought to be sufficient for the purposes of this litigation, regardless of his rights under the State's public records laws, which Plaintiff is free to vindicate in another forum.

**D. Plaintiff's Fourth Motion to Compel (doc. 73).**

Plaintiff argues Defendants are obligated to make initial disclosures, but never did. (Doc. 73 at 2.) The Court has already addressed the issue. (Doc. 52 at 2.) Under Rule 26(a)(1)(B)(iv), Federal Rules of Civil Procedure, "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[]" is exempt from initial disclosures. Plaintiff's motion is denied.

**E. Plaintiff's Fifth Motion to Compel (doc. 75).**

Plaintiff seeks the curricula vitae for Defendants Armenta and Pochopien. (Doc. 75 at 2.) Defendants object on the grounds these documents are not relevant to the issues in the case and, to the extent Plaintiff seeks proof they are not hand specialists, Defendants have already conceded that issue. (Doc. 94.) Although Defendants have

- 8 -

1  conceded that Defendants Pochopien and Armenta are not hand or orthopedic specialists, the Court will order Defendants to produce the curriculum vitae of Defendant Armenta redacted of personal contact information. This request is denied as to Defendant Pochopien as her specific qualifications are not relevant to Plaintiff's retaliation claim.

**III.    Plaintiff's Motions for Default, Motion to Strike, and Motion to Withdraw.**

In his five motions for default, Plaintiff requests the Court order default against Defendants for their respective failures in timely propounding discovery responses.

Defendant Armenta responded to Plaintiff's First Motion for Default conceding her responses to Plaintiff's interrogatories were late, but stating that she had since served her responses, and that her delay was substantially justified because Plaintiff's earlier "flurry of improperly served discovery requests" created confusion among counsel's staff as to the proper deadline for serving responses. (Doc. 77 at 2-3.) Armenta further argues her delayed response—approximately two weeks—was not due to willfulness, fault, or bad faith, and must be considered in the context of her participation in the case thus far. (*Id*. at 3.) Armenta argues the key factors in evaluating the appropriateness of discovery sanctions weigh against dispositive sanctions, and that Plaintiff has not demonstrated prejudice. (*Id*. at 3-4.)

Defendant Pochopien also responded there was good cause for her delayed responses due to the confusion in calendaring deadlines. (Doc. 90, 97.) She argues further that Plaintiff was not prejudiced by the delay, and that Plaintiff did not adhere to the Court's procedures regarding discovery requests. (*Id*.) With her response to Plaintiff's Second Motion for Default, Defendant Pochopien also filed a "Motion to Amend Defendant's Responses to Requests for Admission," seeking to set aside the automatic admissions which took effect upon Defendant's failure to timely propound responses. (Doc. 90 at 3-5.)

Defendants Armenta and GEO Group respond that they timely propounded responses to Plaintiff's Requests for Admissions evidenced by Notices of Service filed

with the Court on the deadline. (Doc. 96.)[4]

Plaintiff's motions will be denied. There are five factors the Court must consider before ordering default as a discovery sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (quoting *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987)). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Id*.

Regarding prejudice, "A [moving party] suffers prejudice if the [opposing party's] actions impair the [moving party's] ability to go to trial or threaten to interfere with the rightful decision of the case. Delay alone has been held to be insufficient prejudice." *Id.* (citations omitted). "Failure to produce documents as ordered, however, is considered sufficient prejudice." *Id.* (quoting *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.1982)).

The Defendants have served responses to Plaintiff's various discovery requests, and Plaintiff has made no showing of prejudice. His motions stand alone on Defendants' failure to timely respond to various discovery requests. The Court finds Defendants' delayed response under these circumstances is insufficient to establish undue prejudice to Plaintiff sufficient to warrant such a drastic sanction. The Court will deny Plaintiff's Motions for Default.

Regarding Defendant Pochopien's motion to amend her responses to Plaintiff's Requests for Admissions, Pursuant to Rule 36(b), Federal Rules of Civil Procedure, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may

---

[4] In his Reply, Plaintiff appears to concede that he received Defendants' responses on the same day his Third and Fourth Motions for Default were filed against Defendants Armenta and GEO Group. (Doc. 100.)

1 permit withdrawal or amendment if it would promote the presentation of the merits of the
2 action and if the court is not persuaded that it would prejudice the requesting party in
3 maintaining or defending the action on the merits." Defendant Pochopien states,
4 "Plaintiff's Requests for Admission contain factual contentions concerning Defendant's
5 (disputed) conduct in falsely reporting alleged threats Plaintiff made against her, and her
6 motivations for doing so, which, if admitted, would all but establish Plaintiff's retaliation
7 claim and completely undermine her defense to the same." (Doc. 90 at 4.) After review of
8 Plaintiff's Requests for Admissions (doc. 90-1), the Court agrees.

The Court finds that amendment of Defendant Pochopien's responses would promote the adjudication of the action on the merits. Further, Plaintiff has not alleged, and the Court does not find, that he would be prejudiced by allowing the amendment. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) ("The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case."). With respect to the issue of prejudice, it is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quotations and citations omitted).

Considering the foregoing, the Court will permit amendment of the Requests for Admissions consistent with Defendant Pochopien's responses. Plaintiff has filed a separate Motion to Strike directed at these responses. (Doc. 88.) Plaintiff characterizes Pochopien's responses as "evasive and frivolous," and accuses Pochopien of failing to make a reasonable inquiry needed to correctly respond. (*Id.*) Plaintiff seeks an order striking these responses and deeming Plaintiff's Requests for Admissions admitted. (*Id.* at 4.) Alternatively, Plaintiff proposes the Court strike the responses and order Defendant Pochopien to amend her responses. (*Id.*)[5] Defendant Pochopien responds by arguing, in

---

[5] Plaintiff later a filed his Motion to Withdraw this alternative request for relief after he believes he discovered "Pochopien purposely inflated her credentials in this document

- 11 -

part, that Plaintiff's Motion to Strike should itself be stricken, because it is not permitted under LRCiv 7.2(m), and Plaintiff fails to state which specific responses should be stricken. (Doc. 99.) The Court agrees and finds Defendant's responses, to the extent Plaintiff deems them insufficient, are not the appropriate subject of a motion to strike. This is the proper subject of a separate motion to compel. Accordingly, Plaintiff's challenge to these responses will be denied without prejudice.[6]

Accordingly,

**IT IS ORDERED** Plaintiff's First Motion to Compel (doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Second Motion to Compel (doc. 65) is **GRANTED**, in part, to the extent described above.

**IT IS FURTHER ORDERED** Plaintiff's Third Motion to Compel (doc. 68) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Fourth Motion to Compel (doc. 73) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Fifth Motion to Compel (doc. 75) is **GRANTED**, in part, to the extent described above.

**IT IS FURTHER ORDERED** Plaintiff's First Motion for Default (doc. 74) is **DENIED**.

---

from a nurse to that of a nurse practitioner in an attempt to defraud the Plaintiff and this court . . . ." (Doc. 93 at 2.) Defendant responded conceding her references to her credentials as a nurse practitioner were made in error, and affirming she was a registered nurse during the relevant period, which was confirmed in her interrogatory responses. (Doc. 106.) Defendant argues this did not impact the substance of her responses to Plaintiff's Requests for Admissions. (Doc. 106.) Because the relief Plaintiff seeks in his Motion to Strike is denied, his Motion to Withdraw this alternative request for relief is also denied as moot. Plaintiff's recourse is to file a motion to compel that complies with the local rules, or to confer with Defendant Pochopien seeking prompt amendments to any erroneous responses.

[6] Pursuant to LRCiv 37.1(a), "(a) When a motion for an order compelling discovery is brought pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, the moving party shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs: (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient."

**IT IS FURTHER ORDERED** Plaintiff's Second Motion for Default (doc. 78); is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Third Motion for Default (doc. 79) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Fourth Motion for Default (doc. 81) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Fifth Motion for Default (doc. 82) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike (doc. 88) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Withdraw (doc. 93) is **DENIED** as moot.

**IT IS FURTHER ORDERED** Defendant Pochopien's Motion to Amend Defendant's Responses to Requests for Admission (doc. 90 at 3-5) is **GRANTED** to the extent provided herein.

Dated this 29th day of May, 2025.

Honorable John Z. Boyle
United States Magistrate Judge