**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Arthur L Vitasek,

      Plaintiff,

v.

GEO Incorporated, et al.,

      Defendants.

No. CV-24-00155-PHX-SHD (JZB)

**ORDER**

Pending are *pro se* Plaintiff Arthur L. Vitasek's second Motion for Leave of Court to File an Amended Complaint, ("Second Motion to Amend"), (Doc. 177), and lodged Second Amended Complaint, (Doc. 178).  The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Second Motion to Amend be denied, and the lodged Second Amended Complaint be stricken.  (Doc. 185.)  Vitasek filed an Objection to the R&R, (Doc. 193 ("Objection")), which is fully briefed, (Doc. 199).  For the reasons set forth below, Vitasek's objections will be **overruled**, the R&R will be **adopted**, the Second Motion to Amend will be **denied**, and the Second Amended Complaint will be **stricken**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The R&R thoroughly outlines the procedural and factual background of this case. (*See* Doc. 185 at 2–3.)  The background pertinent to Vitasek's Second Motion to Amend and Objection begins with the Court's screening of his First Amended Complaint ("FAC"). On October 21, 2024, the Court dismissed Defendants CCHP, Ed Coday, Alexandra

Mardesich, Ryan Thornell, Officer Wheeler, and the State of Arizona, along with Count 3 of the FAC, Vitasek's breach of contract claim.  (Doc. 11 at 13.)  After the remaining Defendants were served, the Magistrate Judge entered a Scheduling Order setting case deadlines, including a deadline of April 3, 2025 for filing motions to join parties or to amend pleadings.  (Doc. 20 at 1.)

On October 7, 2025, Vitasek filed the Second Motion to Amend.  (Doc. 177.)  In his proposed Second Amended Complaint, Vitasek seeks to: (a) include as defendants individuals previously dismissed, (*see* Doc. 178 at 1A, 2A)[1]; (b) reassert his breach of contract claim, (*see id.* at 5–5B (Count III)); and (c) add a new Eighth Amendment medical care claim against a new Defendant, Dr. Corinne Zachary, an employee of Defendant GEO Group, Inc. ("GEO"), (*see id.* at 6–6D (Count IV)).  On October 20, 2025, Defendants responded to the Second Motion to Amend, (Doc. 183), and Vitasek replied eight days later, on October 28, 2025, (Doc. 184).

The Magistrate Judge then issued the R&R recommending the Second Motion to Amend be denied.  (Doc. 185.)  The Magistrate Judge noted that Vitasek had failed to file a timely reply in support of the Second Motion to Amend, (*id.* at 1),[2] and on the merits found that Vitasek had failed to establish that amendment was warranted under the applicable standards, (*id.* at 4–10).  Vitasek timely filed the Objection, raising several challenges to the R&R.  (Doc. 193.)  Defendants then responded to his Objection.  (Doc. 199.)

---

[1]    Vitasek did not sequentially number the pages of his proposed Second Amended Complaint, instead using both numbers in isolation and combined with letters—e.g., "4" and "5B".  For ease and clarity, the Court refers to the pages by the designations employed by Vitasek.

[2]    As explained in the R&R, Vitasek filed his Reply one day late.  (Doc. 185 at 1 ("Plaintiff failed to file a reply to Defendants' Response by the October 27, 2025, deadline.").)  In his Objection, Vitasek attempts to excuse his late-filed Reply, arguing that he was prevented from accessing the prison library on the day the reply was due.  (Doc. 193 at 1–2.)  But Vitasek failed to file any motion for extension of time to file a late reply under Fed. R. of Civ. P. 6(b), despite knowing the restrictions on his access to the library.  The Magistrate Judge therefore properly declined to consider the untimely reply.

## II.    LEGAL STANDARDS

### A.    Review of Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be *specific.* Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court to "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

### B.    Good Cause Under Rule 16

Under Rule 16, a court must issue a scheduling order, and that "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Once the district court ha[s] filed a pretrial scheduling order pursuant to [Rule 16] which established a timetable for amending pleadings that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (explaining that following entry of scheduling order, "Rule 15 does not provide the standards by which we consider [a plaintiff's] motion to amend"). Accordingly, "[w]hen a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate amendment is proper under Rule 15." *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018) (citing *Johnson*, 975 F.2d at 608).

"Under Rule 16, a court may only modify a scheduling order for 'good cause.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). "A court's evaluation of good cause is *not* coextensive with an inquiry into the propriety of the amendment under Rule 15." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012) (cleaned up) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith

- 3 -

of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  In other words, the focus of the inquiry is on the moving party's reason for seeking modification of the case schedule.  *See Morgal*, 284 F.R.D. at 459 (citing *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011)).

Courts within the Ninth Circuit apply a three-part test to determine whether the party seeking amendment acted diligently:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (cleaned up).  The good cause inquiry "ends, however, if the party seeking the amendment has not shown diligence." *Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006), *aff'd*, 269 F. App'x 755 (9th Cir. 2008). "The existence of prejudice to the opposing party might supply additional reasons to deny a motion." *Id.* (quotation marks omitted).

### C.    Rule 15 Amendment Standard

If a post-deadline motion to amend survives scrutiny under Rule 16, courts analyze under Rule 15(a) whether the party seeking amendment has engaged in undue delay, bad faith, or a dilatory motive; has repeatedly failed to cure deficiencies in pleadings; caused prejudice to the opposing party; or whether amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).  Prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry.  *Eminence Capital*, 316 F.3d at 1052.  Absent prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting

- 4 -

leave to amend.  *Id.*

## III.   DISCUSSION

Although his proposed Second Amended Complaint lists individuals who were previously dismissed as defendants and includes his dismissed breach of contract claim, Vitasek asserts that he did not intend to revive the dismissed defendants and claim via the proposed Second Amended Complaint.  (Doc. 193 at 2 ("The Plaintiff did not . . . request the Court revive this breach of contract claim."), 6 ("[T]he Plaintiff does not seek to revive the claims against the currently dismissed Defendants.").)  Accordingly, the challenges to the R&R asserted by Vitasek pertain only to his new Eighth Amendment claim against Dr. Zachary.  Those challenges fail.

### A.   Relief from the Rule 16 Case Management Order

The R&R explains that in seeking leave to amend on October 7, 2025, 187 days after the amendment deadline, Vitasek failed to act diligently, and thus failed to satisfy Rule 16's good cause standard for relief from a case schedule.  It explains that although Vitasek sought leave to amend eight days after discovering new information pertaining to Dr. Zachary, his conduct leading up to that discovery did not reflect diligence.  Specifically, he was (1) aware no later than April 21, 2025, that GEO utilized a medical review board that reviewed all requests for referral and treatment, (2) propounded interrogatories that same date seeking information about the medical review board, (3) received GEO's interrogatory responses on May 23, 2025, and (4) then waited until July 8, 2025, to move to compel interrogatory responses pertaining to GEO's medical review board.  (Doc. 185 at 6 (citing Docs. 86, 111, and 137).)  The Magistrate Judge correctly noted that Vitasek's decision to wait 46 days to move to compel responses to the pertinent interrogatories— viewed in the context of a case then almost a year and half old—reflected a lack of diligence. *See Vicente v. City of Prescott*, 2014 WL 1346075 at *2 (D. Ariz. Apr. 3, 2014) (denying amendment under similar circumstances and rejecting plaintiff's argument that defense counsel frustrated his efforts to discover pertinent information).

In his Objection, Vitasek does not dispute the timeline of events as set forth in the

R&R, nor does he explain how his 46-day delay in seeking to compel interrogatory responses reflects diligence. Rather, he addresses the Magistrate Judge's alternative finding under Rule 15 that amendment would be futile because Vitasek's claim against Dr. Zachary was time-barred. (Doc. 193 at 3–4).[3] Vitasek's failure to meaningfully address the Magistrate Judge's finding of a lack of diligence is fatal to his objection. As explained below, even if Vitasek could show good cause under Rule 16, his Objection fails because he cannot satisfy the standard for amendment under Rule 15.

### B.   Amendment Under Rule 15

The R&R explains that amendment would be inappropriate under Rule 15's liberal amendment rule due to the prejudice to Defendants, Vitasek's undue delay in seeking amendment, and the futility of his proposed amendment. (Doc. 185 at 7–10.) Vitasek takes issue with each of the Magistrate Judge's findings, and the Court addresses Vitasek's arguments in turn.

### 1.   Prejudice to Defendants

The Magistrate Judge explained that Defendants would suffer prejudice if Vitasek were allowed to amend his complaint to add a whole new Eighth Amendment claim against Dr. Zachary after the close of discovery, since it would require reopening discovery on new topics. (*Id.* at 7–8 (citing *Cano v. Schriro*, 236 F.R.D. 437, 441 (D. Ariz. 2006), *aff'd*, 269 F. App'x 755 (9th Cir. 2008).)

In his Objection, Vitasek acknowledges that discovery would have to be reopened, but argues that Defendants' failure to comply with their discovery obligations justified that prejudice. (Doc. 193 at 4–5.) As set forth in Section III(A) above, this argument lacks merit in light of Vitasek's own lack of diligence in seeking to compel discovery.

Furthermore, Vitasek argues that he would be prejudiced by being denied leave to amend because Dr. Zachary has relevant information that he would like to seek in discovery. (*Id.* at 5.) In making this argument, Vitasek conflates the scope of the claims he would like to assert and the scope of the discovery he would like to obtain. Dr. Zachary

---

[3] This issue is addressed in Section III(B)(3) below.

need not be a named party in order for Vitasek to seek discovery from her. *See* Fed. R. Civ. P. 45. And to the extent Vitasek seeks amendment as a means to reopen discovery, that would be improper—as discussed in Section III(A) above, he must satisfy Rule 16's good cause standard to reopen discovery, which he cannot do due to his lack of diligence. Accordingly, his argument fails.

### 2. Undue Delay

The Magistrate Judge concluded that Vitasek's 187-day-late motion to amend constituted undue delay due to his lack of diligence in pursuing information about Dr. Zachary and the impact that allowing amendment—and reopening discovery—would have on this case. (Doc. 185 at 8.) Vitasek challenges that conclusion by arguing that amendment would only result in a "slight delay," and that such a delay is warranted so he can seek discovery from Dr. Zachary. (Doc. 193 at 6.) But as noted in Section III(B)(1) above, Dr. Zachary need not be a party to this case in order for Vitasek to seek discovery from her. Thus, his argument is meritless, and the Magistrate Judge correctly found undue delay.

### 3. Futility Due to the Statute of Limitations

Finally, the Magistrate Judge found that an amendment to add a claim against Dr. Zachary would be futile because it would be time-barred under the applicable two-year statute of limitations. (Doc. 185 at 8–10.) As explained in the R&R, Vitasek's claim against Dr. Zachary accrued no later than December 22, 2021, when she allegedly denied his referral to a specialist, and is thus untimely since Vitasek first sought to assert it in October 2025. (*Id.* at 9.) The Magistrate Judge then rejected Vitasek's argument that the claim would relate back to the date of the original complaint under Rule 15(c). (*Id.* at 9–10.)

Vitasek does not meaningfully challenge the Magistrate Judge's relation-back analysis. (Doc. 193 at 7 (conclusorily arguing that "the claim relates back to the original complaint" without argument).)[4] Rather, citing *De Luna v. Farris*, 841 F.2d 312 (9th Cir.

---

[4] The Court notes that even if Vitasek were correct that an amendment would relate back to the original complaint, his claim against Dr. Zachary would still be untimely

1988), Vitasek argues that his claim against Dr. Zachary accrued when he learned of her identity, (Doc. 193 at 2–4), and thus argues that amendment to assert a claim against her would not be futile, (*id.* at 6–7). Vitasek is mistaken because "[a] plaintiff need not know who caused the injury for [an] action to accrue." *Goodson v. Tucson Police Dep't*, 2017 WL 10636454, at *4 (D. Ariz. Jan. 27, 2017) (citing *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008); *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984)). And his reliance on *De Luna* is misplaced because that case did not address whether a claim accrues despite the plaintiff's lack of knowledge of the government employee's identity. And to the extent that case has any bearing on this situation, it confirms that the statute of limitations began running when Vitasek suffered his injury. *See De Luna*, 841 F.2d at 315 (holding that claim was time-barred because the plaintiff's claim arose "on the date of the alleged injury"). Thus, the Magistrate Judge properly concluded that amendment would be futile because Vitasek's claims against Dr. Zachary are time-barred.

## IV.   CONCLUSION

Vitasek's Objection will be overruled because he cannot satisfy Rule 16's good cause standard, and he would not be entitled to amendment under Rule 15 because allowing him to assert claims against Dr. Zachary would unduly prejudice Defendants, would reward his undue delay, and would be futile.

Accordingly,

**IT IS ORDERED** that the Report & Recommendation (Doc. 185) is **adopted**, and the Objection (Doc. 193) **is overruled**.

**IT IS FURTHER ORDERED** that Vitasek's Motion for Leave of Court to File an Amended Complaint, (Doc. 177), is **denied**.

///

///

///

because it accrued in December 2021, and he filed his Complaint, (Doc. 1), more than two years later, in January 2024.

**IT IS FURTHER ORDERED** that Vitasek's lodged Second Amended Complaint, (Doc. 178), is **stricken**.

Dated this 4th day of August, 2026.

_____
Honorable Sharad H. Desai
United States District Judge